Wildman Arms, Inc. of Swarthmore, Appellant, *v.* Zoning Hearing Board of the Borough of Swarthmore, Appellee.

Argued October 9, 1974, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*Richard A. Mitchell,* with him *Ralph B. D'Iorio* and
*Cramp, D'Iorio, McConchie and Surrick,* for appellant.

*Clarence G. Myers,* for appellee.

OPINION BY JUDGE WILKINSON, November 12, 1974:

Appellant, Wildman Arms, Inc. of Swarthmore, is
the owner of an apartment-hotel complex in the Bor-
ough of Swarthmore. On August 18, 1972, appellant
applied to the building inspector for Swarthmore for
a permit to install and maintain a sign 20 square feet
in size containing the following legend:

"COLLEGE INN & RESTAURANT
Turn Right 2nd Light Yale Ave.
Wildman Arms Apartments"

The property upon which the proposed sign would
be placed is located in a residential zone approximate-

ly one-half mile from the apartment complex, and is owned individually by C. H. A. Wildman, sole owner of the appellant corporation.

On August 21, 1972, the building inspector refused the requested permit. Appellant duly filed an appeal to the Zoning Hearing Board of the Borough of Swarthmore, appellee herein, and a public hearing was held on October 25, 1972, at which time appropriate testimony was heard and stenographically recorded. On December 7, 1972, appellee filed its report containing findings of fact and conclusions of law which dismissed appellant's appeal. Appellant timely filed an appeal to the Delaware County Court of Common Pleas which court, en banc, affirmed the Board on September 4, 1973. This appeal followed.

Appellant's first claim is that the entire Swarthmore zoning ordinance is unconstitutional in that it makes no provision for the erection, maintenance and/or display of directional signs within a residence or apartment house district and/or within the entire Borough. The specific section of the Swarthmore zoning ordinance involved in this appeal is as follows:

"Section 715. Signs: No advertising sign, placard or poster shall be erected or displayed in any Residence or Apartment House District of the Borough except as follows:

. . . .

"6. Signs erected by an owner or builder in connection with the active development of premises may be erected upon the application and granting of a permit for the same, provided the size of any such sign shall not be in excess of 20 square feet and not more than one such sign shall be placed upon any individual lot or premises being developed. No directional signs, arrows or *other advertising announcements* shall be posted or erected other than as provided in this section." (Emphasis supplied.)

Section 715(6) contains the only reference to "directional" signs in the ordinance. Appellant contends that there are no provisions in Section 715 for directional signs and, therefore, such signs are totally excluded from residence or apartment house districts. We cannot agree.

The last sentence of Section 715(6) obviously refers to directional signs as a type of "advertising announcement." Such signs are not excluded by Section 715 but rather they are regulated; and as Judge WHERRY stated in the opinion of the court below, they are "regulated in the usual and customary manner where it is desired to exclude commercial activity in a residentially zoned area and to permit only the announcement of the presence of public service, professional, institutional and non profit uses." Subsections (1) through (6) of Section 715 contain such regulations.

*Girsh Appeal*, 437 Pa. 237, 263 A. 2d 395 (1970), and *Norate Corp., Inc. v. Zoning Board of Adjustment*, 417 Pa. 397, 207 A. 2d 890 (1965), upon which appellant relies, do not apply here where the ordinance does not exclude the use from the entire municipality. Furthermore, the Supreme Court in *Norate, supra*, 417 Pa. at 405-06, 207 A. 2d at 895, stated:

"In this area of the law certain principles appear settled:

. . . .

"(c) in the adoption of a comprehensive zoning plan, a municipality may divide the municipal area into districts—residential, commercial, industrial, etc.—and may prohibit or regulate activities as to advertising in areas whose character is not consistent with the use of advertising. . . ." (Citations omitted.)

Appellant further suggests that even if the ordinance does not specifically exclude appellant's sign, there is a de facto exclusion of "directional" signs from the entire Borough. Appellant then relies on the holding in

*Beaver Gasoline Company v. Osborne Borough et al.,* 445 Pa. 571, 285 A. 2d 501 (1971). That case held that if the ordinance totally prohibits an activity throughout the municipality, and if the ordinance on its face does not give rise to an indication of the protection of a legitimate public interest controllable by zoning laws, then the applicant only need show the total prohibition. The burden then shifts to the municipality to produce evidence establishing what public interest is sought to be protected. In *Beaver, supra,* the municipality relied solely on the presumption of the validity of the ordinance and introduced no evidence of any interest sought to be protected. The municipality "failed to show that the regulation bears a relationship to the public health, safety, morals and general welfare." *Beaver, supra,* 445 Pa. at 577, 285 A. 2d at 505.

In the instant appeal, there is sufficient evidence in the record to support the conclusion of the Board and the lower court that there was not a de facto exclusion of directional signs. But even if this were not the case, the municipality here did produce testimony evidencing at least two public interests sought to be protected— intersectional visibility for traffic safety and the maintaining of a residential district free of commercial advertising. Both of these interests bear a substantial relationship to the public health, safety, morals and general welfare of the municipality.

Accordingly, the order of the court below is affirmed.