Riddle Paddock, Inc. *v.* Zoning Hearing Board of Middletown Township and Board of Supervisors of Township of Middletown. Board of Supervisors of the Township of Middletown, Appellant.

Argued April 7, 1977, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*Thomas J. Beagan, Jr.,* with him *Timothy B. Barnard,* and *Beagan, Gannon and Barnard,* for appellant.

No appearance for appellee.

OPINION BY JUDGE BLATT, June 10, 1977:

This is an appeal from an order of the Court of Common Pleas of Delaware County which reversed a decision of the Middletown Zoning Hearing Board (Board). The Board had denied the application of Riddle Paddock, Inc. (Riddle) for a special exception so that its nonconforming use of property in the Township could be expanded.

Riddle is a Pennsylvania corporation engaged in the operation of a restaurant and bar located on the Baltimore Pike in Middletown Township. It caters primarily to an after-dinner clientele, deriving most of its business from customers arriving after 9:30 P.M., and it is located in a district which, subsequent to the establishment of the restaurant, had been rezoned from "B" Business to Special Use. Riddle proposed to build an addition to the restaurant and to extend a lawful nonconforming use, it needed the Board's approval, as prescribed by Section 1214 of the Township of Middletown Zoning Code:

NONCONFORMING USES. The lawful use of a building existing at the effective date of this Ordinance may be continued although such use does not conform with the provisions of this Ordinance, but such use may not be extended or enlarged except when authorized as a special exception.

The Board of Supervisors of the Township (Supervisors) intervened before the Board, a hearing was held, and after considering testimony presented by all the concerned parties, the Board issued an opinion and findings of fact which denied Riddle's application be-

cause it found that the proposed expansion would be detrimental to the community. Specifically, the Board found that Riddle's property, even prior to any expanded use, did not have sufficient off-street parking to accommodate its clientele and that any expanded use of the property would necessarily reduce the amount of available parking and intensify the problem. The lower court reversed on appeal, holding that the Board had abused its discretion in concluding that the requested special exception would be detrimental to the public health, safety or welfare. This appeal by the Supervisors followed.

In a zoning case where the court below took no additional evidence, review by this Court is limited to a determination of whether or not the municipal authorities abused their discretion or committed an error of law. *V. C. Finisdore, Inc. v. Township of Lower Merion,* 27 Pa. Commonwealth Ct. 598, 367 A.2d 412 (1976), and our review of the record here leads us to conclude that the Board did not abuse its discretion in denying Riddle's application for a special exception and that the order of the lower court must therefore be reversed.

This Court has recently held that the question of whether or not sufficient parking space is available may properly be considered when a zoning authority is requested to approve a special exception for the expansion of a nonconforming use. *B & B Shoe Products Co. v. Zoning Hearing Board of Manheim Borough,* 28 Pa. Commonwealth Ct. 475, 368 A.2d 1332 (1977); *see also Everson v. Zoning Board of Adjustment,* 395 Pa. 168, 149 A.2d 63 (1959). The Board's findings of fact here, which are supported by the record, reveal that the restaurant is located on the Baltimore Pike, a heavily traveled major highway on which on-street parking is prohibited and that the addition sought by Riddle would increase the restaurant's ca-

pacity by approximately thirty persons. At the present time and without the addition, the restaurant attracts between 30 to 35 cars in an evening, which number exceeds the parking capacity of the Riddle property and results in parking by restaurant patrons on an adjacent unimproved lot which is not owned by Riddle and whose use is not authorized by the lot's owner. The addition to the restaurant would result in as many as 70 cars requiring off-street parking at night and the expansion would reduce the area of the Riddle property already available for customer parking. Moreover, the application for the special exception did not include any provisions to resolve the prospective parking problems which would result from the expansion.

It is true that, once an applicant for a special exception proves that a proposed use complies with the terms and conditions of the applicable zoning ordinance, the burden is upon a protestant to prove that such use would adversely affect public health, safety or welfare. *V. S. H. Realty v. Zoning Hearing Board of Sharon Hill,* 27 Pa. Commonwealth Ct. 32, 365 A.2d 670 (1976). Our review of the record here, however, supports the Board's conclusion that the Supervisors have satisfactorily met their burden of establishing that the proposed expansion would exacerbate an existing parking problem in an already heavily traveled area and that such expansion would adversely affect the public safety.

The order of the lower court is, therefore, reversed.

### Order

And Now, this 10th day of June, 1977, the order of the Court of Common Pleas of Delaware County, dated March 29, 1976 and numbered 12815 of 1975, is hereby reversed.