## In re Appeal of Upper Moreland Township Commissioners

*Raymond Jenkins*, for appellant.

*Donald A. Semisch*, for Lakeside Amusement Youth Service.

TREDINNICK, *J.*, January 18, 1979—In light of our disposition of this case, we need not explore the facts in detail. The relevant facts are as follows. On or about September 20, 1978, Lakeside Youth Services filed a "permit application" for premises located at 304 North Easton Road, Willow Grove, Upper Moreland Township, Pa. The application did not specify whether a variance or a special exception was requested. However, the notice of the public hearing stated that a variance was requested and that a public hearing would be held on October 12, 1978. The hearing was held on that date before the Upper Moreland Zoning Hearing Board. The board approved the application on October 13, 1978, but did not indicate until November 16, 1978 (the date of the board's opinion and order), that what was granted was actually a special exception.

We are of the opinion that the discrepancy between the notice given by the board to the public (i.e. that an application for a *variance* would be considered), and what the board actually approved (a *special exception*) is fatal to applicant's cause. The zoning hearing board was required to give

notice to the public of its hearings by the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, sec. 908, as amended, 53 P.S. §10908(1), and by the Upper Moreland Township Zoning Code, §23.06. While these provisions do not set out in detail what the notice must include, it seems fundamental that due process demands that such notice must give a reasonably accurate description of the nature of the question involved. See Pennsylvania Coal Mining Association v. Insurance Department, 471 Pa. 437, 370 A. 2d 685 (1977). The notice here did not meet this standard. It is well settled that when a zoning hearing board rules on a variance application, the variance can be granted only in exceptional circumstances, with applicant's burden of proving such circumstances being a heavy one: Washington Township v. Washington Township Zoning Hearing Board, 27 Pa. Commonwealth Ct. 510, 365 A. 2d 691 (1976). On the other hand, once an applicant for a special exception proves that his proposed use complies with the terms and conditions of the applicable zoning ordinance, the burden is on the protestant to prove that such use would adversely affect public health, safety or welfare: Riddle Paddock, Inc. v. Zoning Hearing Board of Middletown Township, 30 Pa. Commonwealth Ct. 481, 374 A. 2d 98 (1977). Therefore, an application for a special exception alerts an interested opposing party to be present at the hearing and to be prepared to introduce relevant testimony. However, the labeling of an application as being for a variance might have the opposite effect, given the heavy burden which applicant must bear. Therefore, we hold that the defect in the notice here was a significant one and necessitates

that this matter be remanded to the zoning hearing board to properly advertise the hearing and take testimony pursuant to such notice.

## ORDER

And now, January 18, 1979, after consideration of briefs and oral argument thereon, the appeal of the Board of Commissioners of the Township of Upper Moreland from the decision and action of the Zoning Hearing Board of Upper Moreland Township is granted, and the case remanded to the zoning hearing board in order to properly advertise the hearing and to take testimony pursuant to such notice.