# Hardison v. Londonderry Township Zoning Hearing Board

*P. Richard Wagner,* for appellant.
*Gary L. James,* for board.
*Lawrence B. Abrams,* for intervenor.

MORGAN, *J.,* July 16, 1980—The question has been raised whether Louise Hardison has standing to file this appeal under the Pennsylvania Municipalities Planning Code (MPC) of July 31, 1968, P.L. 805, as amended, 53 P.S. § 10101 et seq., from a decision of the Zoning Hearing Board of Londonderry Township permitting the use of a certain parcel of land for a private, off-street parking lot. We conclude that she does not.

It is necessary, for an appeal to be taken to this court from an action of a zoning hearing board for appellant to have been a party before the board. Section 1007 of the Municipalities Planning Code, 53 P.S. § 11007; Lower Paxton Township v. Fieseler Neon Signs, 37 Pa. Commonwealth Ct. 506, 511, 391 A. 2d 720, 722 (1978). Section 908(3) of the MPC, 53 P.S. § 10908(3), governs who will be considered a "party" before a zoning hearing board. It states therein: "The parties to the hearing shall be the municipality, any person affected by the application *who has made timely appearance* of record before the board, and any other person including

civic or community organizations *permitted to appear* by the board." (Emphasis supplied.)

Mrs. Hardison did not appear before the board. In fact, she did not attend the hearing. She thus has no standing to appeal to us. Her complaint that the notice of the meeting sent to her was defective has no merit. It plainly told her where and what sort of zoning change had been applied for, i.e.," . . . Central Penn Air Service, Inc., is requesting to purchase an adjacent 1.9548 acre tract of land for proposed off-street parking area for the established warehouse facility"; whether the notice should technically have referred to it as an application for a variance instead of for an exception, or otherwise, is immaterial. The fact is that the notice informed Mrs. Hardison of the issue involved in the proceeding. Nor should she have been misled into believing that her attendance was not necessary to preserve any legal rights by that part of the notice which notes, "It is not mandatory that you attend this meeting. . . ." This language is not infrequently used by local governments where personal notice of proceeding is required to be given to residents unaccustomed to receiving such official communications as a courtesy to those who might construe the notice to compel their attendance. The full text of this part of the notice from the Code Enforcement Officer reads as follows:

"We are contacting you, as a contiguous property owner, in order to provide you with the opportunity to make an appearance before the Zoning Hearing Board to present any comments you may desire concerning this matter. *It is not mandatory that you attend this meeting, only if you desire to present comments to the Board.* If you have any questions concerning this matter, please contact me at the Township Building." (Emphasis supplied.)

The sentence, "It is not mandatory that you should attend this meeting, only if you desire to present comments to the Board," told Mrs. Hardison that she was not required to attend the hearing unless she wished to object to the application, in which case her appearance would be necessary. She has no ground to complain about this advice.

Accordingly, we enter the following

## ORDER

And now, July 16, 1980, the appeal herein is dismissed.

## CONCURRING OPINION

DOWLING, *J.*, July 21, 1980—I feel that appellant was mislead by the notice of the hearing which emphasized that it was not necessary for her to attend the meeting.

However, she still had the right as a "person aggrieved" to submit her objections to the Zoning Hearing Board under section 1007 of the Municipalities Planning Code and having failed to do this has no standing to challenge that board's decision before this court.