533 A.2d 1096

In Re: Appeal of David L. Booz, II, and Brenda Booz, from Report of Zoning Hearing Board of the Township of Greenwich, Berks County, Pennsylvania, on Application of Melvin C. Schumaker and Elaine K. Schumaker for a Special Exception and Variance. Melvin C. Schumaker and Elaine K. Schumaker, Appellants.

Argued September 15, 1987, before Judges CRAIG and MacPHAIL, and Senior Judge NARICK, sitting as a panel of three.

*Alfred N. Crump, Jr., Ward and Crump,* for appellants.

*Eric L. B. Strahn, Ryan, Russell & McConaghy,* for appellees.

OPINION BY JUDGE MACPHAIL, November 27, 1987:

Melvin C. and Elaine K. Schumaker (Appellants) appeal from an order of the Court of Common Pleas of Berks County which effectively vacated a decision of the Zoning Hearing Board of Greenwich Township (Board) on the ground that notice of the hearing before the Board was defective. For the reasons which follow, we reverse and remand.

In October, 1985, Appellants applied to the Board for a variance to permit the expansion of their tractor repair business to include sales and leasing of new tractors and trailers. Appellants also sought to erect two signs advertising their dealership. The application additionally states that "[w]e met with the Zoning Officer, the Township Supervisors, and the Planning Commission at a meeting of October 28, 1985, and they suggested that we apply for a variance." A hearing on the application was held before the Board on December 9, 1985. It is the adequacy of the advertised notice which preceded that hearing which is at issue in the instant appeal.

Section 908(1) of the Pennsylvania Municipalities Planning Code (MPC),[1] 53 P.S. §10908(1), provides pertinently as follows regarding notice of zoning board hearings:

The board shall conduct hearings and make decisions in accordance with the following requirements:

---

[1] Act of July 31, 1968, P.L. 805, *as amended.*

(1) Notice shall be given to the public, the applicant, the zoning officer, such other persons as the governing body shall designate by ordinance and to any person who has made timely request for the same. *Notices shall be given at such time and in such manner as shall be prescribed by ordinance or, in the absence of ordinance provision, by rules of the board. . . .*

(Emphasis added.) Section 705.3 of the Greenwich Township Zoning Ordinance prescribes the manner in which notice to the public is to be provided as follows:

The first notice of any public hearing shall be given not more than thirty (30) days and not less than fourteen (14) days in advance of any public hearing required by this Ordinance. Such notice shall be published once each week for two successive weeks in a newspaper of general circulation in the Municipality. Such notice shall state the time and place of the hearing *and the particular nature of the matter to be considered at the hearing.*

(Emphasis added.)

In the instant case, the notice which was publicly advertised stated, *inter alia,* that a hearing would be held on December 9, 1985 on Appellants' application "for *a variance* to permit the appellant to sell and lease new tractors and trailers on their property located on Gansinger Road, R.D. # 2, Kutztown, Berks County, Pennsylvania, in an Agricultural and Residential district." Thus, the advertised notice comported substantially with the application which had been filed with the Board by Appellants.[2]

---

[2] Although the notice did not include any specific reference to the signs which Appellants proposed to erect, this deficiency has not been raised as a part of the challenge to the adequacy of the notice.

At the time of the hearing, David L. Booz, II and Brenda Booz (Appellees) appeared and presented testimony in opposition to the application for a variance. On January 7, 1986, the Board rendered its decision. Though the Board granted a variance to allow the erection of the signs advertising Appellants' dealership, it granted *a special exception,* instead of a variance, with regard to the actual expansion of the business to include sales and leasing of tractors and trailers. Appellees contend, and the common pleas court found, that the Board erred in granting a special exception when the public notice of the hearing specified that a variance was being sought by Appellants.

In so ruling, the common pleas court noted that the Board granted a special exception to Appellants without any amendment to their application, a continued hearing or readvertisement of the application. The court further noted the differences in burdens of proof between an application for a variance and one for a special exception[3] and opined that the purpose of notice to the public "is to inform the public of the type of application involved so that potential objectors are alerted to their evidentiary burden." Slip op. at 4. The court additionally relied on the case of *Appeal of Upper Moreland Commissioners,* 9 Pa. D. & C. 3d 99 (1979), wherein the Court of Common Pleas of Montgomery County similar-

---

[3] In order to establish entitlement to a variance, the applicant must establish that the zoning ordinance uniquely burdens the property with an unnecessary hardship and that to grant the variance would not adversely affect the public health, safety or welfare. *Dinu Appeal,* 69 Pa. Commonwealth Ct. 595, 452 A.2d 95 (1982). Where a special exception is sought, the applicant bears the burden of establishing that the proposal complies with the specific requirements placed on the use by the ordinance, while the objectors have the burden of proving that the proposal is detrimental to the public health, safety and welfare. *Bray v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980).

ly concluded that where a zoning notice specified that the hearing would involve an application for a variance, the board could not subsequently grant a special exception absent readvertisement.

Although our research has disclosed no Pennsylvania cases at the appellate level dealing with the issue of how accurate and specific public notice of a zoning board hearing must be with regard to the specific legal theory advanced by the applicant, we have recently endorsed the view that the purpose of a zoning board hearing notice is to inform potential protestants of the *general* nature of the application. *Dale v. Zoning Hearing Board of Tredyffrin Township,* 91 Pa. Commonwealth Ct. 220, 496 A.2d 1321 (1985). In *Dale,* we determined that reference in the official notice to the subject application as one for a special exception for construction of "a new dormitory" was neither incorrect nor misleading despite the fact that a complex of three detached buildings was actually being proposed by the applicant.

Viewing the purpose of the notice of a zoning board hearing to be that of apprising the public of the general nature of a zoning application, we believe that the notice in the instant matter was adequate. The notice clearly stated that Appellants were seeking to expand their business from the current repair services to include the sale and leasing of tractors and trailers. Though it would have been preferable had the notice also included an accurate characterization of the type of zoning relief requested, we do not view this error as fatal. *See Hardison v. Londonderry Zoning Board,* 15 Pa. D. & C. 3d 192 (1980) (where notice of a zoning board hearing plainly indicates the reason for which the zoning change is sought, possible inaccuracy in the technical reference to the application as one for an exception rather than a variance is immaterial).

In support of our decision that the hearing notice was adequate, we note that there is no indication that Appellants' initial request for a variance was made with any intent to deceive. In fact, the reference to a variance was apparently made based on the advice of several Township officials. *Cf. Girolamo Appeal*, 49 Pa. Commonwealth Ct. 159, 410 A.2d 940 (1980) (notice held to be defective where false representations in notice were tantamount to fraud). Moreover, we believe that the crucial aspect of the notice in this case is its accurate description of the type of use which Appellants plan to pursue on their property. As pertinently noted by a leading expert on zoning in Pennsylvania:

> People turn out at a zoning hearing to oppose 'a gasoline station,' or a given sign or structure. Few laymen have any idea of the difference between a variance and a special exception, and certainly no lawyer would advise his client to 'stay away' on the basis of that distinction. . . .
>
> The notice requirements should be read as requiring a reasonably accurate description of the activity or structure which the applicant wishes to institute or erect; *e.g.*, 'gasoline station,' or an 'accessory building located within the required rear yard.' . . . Where the notice fails to give a reasonably accurate description of this, adjacent landowners may well be misled.

R. Ryan, *Pennsylvania Zoning Law and Practice* §9.4.13 (1986 Supp.). We believe that placing emphasis on the importance of accurately identifying the type of use or activity proposed by the applicant in laymen's terms, rather than the technical zoning term for that use, serves the dual purpose of adequately apprising the public of the general subject of the zoning hearing while at the same time avoiding unnecessary delays which could result from the need to readvertise the hearing in

those cases where the applicant mischaracterizes the technical zoning relief which is sought. Thus, we conclude that the published notice in the instant matter was not rendered fatally defective by virtue of the fact that a special exception, rather than a variance, was ultimately granted by the Board.

Our conclusion regarding the validity of the public notice, however, does not end our inquiry. As noted by the common pleas court, the Board granted Appellants a special exception following a hearing at which no amendment to the application was made and at which no other indication was given to the protestants by the Board that it would ultimately view the correct zoning relief to be that of a special exception rather than a variance. In this regard we believe the Board may have erred. We, again, turn to the analysis of this issue included in Section 9.4.13 of the Ryan treatise:

> It is not uncommon for a zoning board to encounter an application which is mischaracterized. . . . Amendments to zoning applications permit the board to refashion the application into what it should be under the terms of the zoning ordinance. Where a change requires different or additional testimony, it is better to solve that problem by granting a second hearing rather than by delaying the first.

Since no amendment to Appellants' application was made at the time of hearing, it is possible that Appellees, as protestants, were prevented from effectively opposing the application. While we would find no error in the Board rendering the appropriate zoning relief based on the evidence presented,[4] regardless of the initial

---

[4] Even on appeal to this Court, we will correct erroneous legal designations by a zoning hearing board where the evidence presented below supports the grant of zoning relief under an alternate legal analysis. *Monroeville v. Zoning Hearing Board of Monroeville,*

characterization of the relief requested in an application, we believe that when the Board ultimately recognizes that the appropriate zoning relief is not that specified in the application, it must afford any objectors to the application a fair opportunity to present relevant evidence in opposition. If the need for an amendment is recognized at the time of hearing, an opportunity to present relevant evidence may be afforded at the same hearing or at a second hearing if the objectors are not immediately prepared to present their case on the alternate legal theory.

Where, as here, the application of an alternate legal theory is first undertaken by the Board at the time of deliberation, the Board must likewise provide notice and an opportunity to be heard to any objectors who entered an appearance at the first hearing. Such notice may be accomplished either by individual written notice to the objectors or by public notice of a second hearing specifying the legal theory which the Board has determined to be applicable. Since Appellees in the instant case were not afforded notice and an opportunity to satisfy their burden in opposition to the grant of a special exception to Appellants, we find it necessary to remand for further proceedings. We emphasize that our ruling at this time should not be viewed as an approval or disapproval of the legal analysis undertaken by the Board in its decision since the merits of that adjudication are not presently before us for review and, in fact, may be subject to change as a result of the remand proceedings.

---

92 Pa. Commonwealth Ct. 55, 498 A.2d 481 (1985) (the fact that the board erroneously granted a variance rather than a special exception does not require reversal where the board's findings support an alternate conclusion); see also Township of Falls Appeal, 48 Pa. Commonwealth Ct. 392, 410 A.2d 93 (1980) (courts must refrain from placing form over substance).

ORDER

The order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby reversed and remanded for further remand to the Zoning Hearing Board of the Township of Greenwich for additional proceedings as specified in the foregoing opinion. Jurisdiction relinquished.