568 A.2d 301

**Mary Louise HOLMES, Appellant,**

v.

**The BOARD OF ZONING APPEALS OF the CITY OF SCRANTON and Scranton Lace Company, Inc., Appellees.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 1989.

Decided Jan. 8, 1990.

350

Thomas M. Holmes, Scranton, for appellant.

Joseph G. Price, with him, Sean P. McDonough, Kingston, for appellees.

Walter T. Grabowski, with him, Richard S. Bishop, Hourigan, Kluger, Spohrer & Quinn, P.C., Wilkes Barre, for intervenor, Scranton Lace Co., Inc.

Before DOYLE and McGINLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

 Mary Louise Holmes (Holmes) appeals an order of the Court of Common Pleas of Lackawanna County (Court of Common Pleas) dated January 5, 1989, which denied Holmes' petition for taking of additional evidence[1] in a matter in which the the Board of Zoning Appeals of the City of Scranton (Board) granted a request for a variance under the Scranton Ordinance (Ordinance)[2] to Scranton Lace Company, Inc. (Scranton Lace).[3] We affirm.

On May 13, 1987, Scranton Lace filed an application with the Board requesting a variance to decrease the required size of a loading zone already situated on its facility at 1313 Meylert Avenue in Scranton, Pennsylvania, pursuant to Section 36–198 of the Ordinance.[4] Scranton Lace's application stated: "Asking to decrease size of loading zone 12' ×

---

1. We note that Holmes has appealed from the Court of Common Pleas' order denying her petition for taking of additional evidence. While such an order appears to be interlocutory in nature, it is a final order because the Court of Common Pleas based its denial of the petition on the untimeliness of Holmes' appeal and dismissed not only the petition but also the appeal. An order will be deemed "final" if it (1) ends the litigation or disposes of the entire case; (2) effectively puts a litigant "out of court"; or (3) precludes a party from presenting the merits of his or her claim to the trial court. *Nigro v. Nigro,* 371 Pa.Superior Ct. 625, 538 A.2d 910 (1988).

2. Zoning Ordinance for the City of Scranton, Pennsylvania filed by the Council, No. 48, adopted December 28, 1983, *as amended.*

3. Scranton Lace had filed a Notice of Intervention as tenants of the subject premises with the Court of Common Pleas on February 3, 1988. It is named as a respondent in this appeal.

4. To construct the loading dock necessitated decreasing the size of the loading zone which resulted in Scranton Lace's noncompliance with minimum loading zone area requirements. Scranton Lace requested a variance as a solution.

45' is required [sic] (6.504 Addendum)." (Application for a Zoning Permit or Appeal Requiring Action by the Board of Appeals, Certified Record (CR), Exhibit "A.") The grounds for the variance were stated as: "To comply with." The application was advertised in the May 29, 1987, editions of the Scranton Times and the Scranton Tribune and by posting a notice in front of the premises of Scranton Lace at the corner of Glenn Street and Meylert Avenue.

After hearing on June 12, 1987, the Board granted Scranton Lace the variance. The record indicates that no parties appeared in opposition to the proposed variance. Construction of the loading dock commenced on December 23, 1987, and on January 7, 1988, Holmes appealed the Board's decision to the Court of Common Pleas alleging a lack of adequate notice to adjacent landowners as well as an improper grant of the variance in question. Answers were filed by the Board and by Scranton Lace alleging that Holmes' appeal was filed in excess of thirty days from the entry of the Board's order granting the variance. On May 13, 1988, Holmes filed a petition for taking of additional evidence alleging that no meaningful review of the Board's action could be made without additional evidence and that discovery proceedings were necessary. After oral argument on June 15, 1988, the Court of Common Pleas, on January 5, 1989, denied Holmes' petition on the basis of Holmes' untimely appeal. Holmes appeals.

Holmes seeks a remand of this matter for the holding of an evidentiary hearing, arguing that: the notice given by the Board was defective because it failed to adequately inform Holmes of the nature of the relief being sought by Scranton Lace and that the notice was not properly posted; the hearing conducted by the Board was defective because no stenographer was present and because the Board made no written findings of fact; and, the Board's grant of the variance was improper.

Scranton Lace argues that Holmes should not be permitted to appeal nunc pro tunc due to the absence of fraud; and, should this Court allow Holmes' appeal nunc pro tunc,

the case should be remanded due to the inadequacy of the record.

The Board argues that the Court of Common Pleas' decision should be affirmed because it is supported by substantial evidence.

The Court of Common Pleas denied Holmes' petition for taking of additional evidence because "[t]o take additional evidence in this case would serve no purpose." (Opinion of the Court of Common Pleas, January 5, 1989, at 2.) The Court of Common Pleas stated:

The problem with Holmes' case is the lateness in filing her appeal with this Court. Generally where a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace and courts have no power to extend a statutory appeal time or to allow an appeal *nunc pro tunc* in the absence of fraud or its equivalent or some breakdown in the court's operation. *Mackanick v. Rubin*, [244 Pa.Superior Ct. 467], 368 A.2d 815 (1976). It is true that a zoning application which is misleading can be considered as tantamount to fraudulent and that such a misrepresentation could constitute lack of notice. *Appeal of Girolamo*, [49 Pa.Commonwealth Ct. 159], 410 A.2d 940 (1980); *Mars Area Residents v. Zon. Hear. Bd.* [108 Pa.Commonwealth Ct. 505], 529 A.2d 1198 (1987). We do not believe that the application and advertisement involved here were so misleading as to be tantamount to fraud. The test is not whether the notice gives complete detail concerning the application but whether it describes the substance of the application so that the interested persons will be alerted and afforded an opportunity to investigate further. *Ryon, [sic] Pennsylvania Zoning Law and Practice* sec. 9.4.13. There was no indication that Scranton Lace's request for a variance was made with any intent to deceive. Viewing the purpose of the notice of a zoning board hearing to be that of apprising the public of the general nature of a zoning application, this notice was

adequate. *Appeal of Booz* [111 Pa.Commonwealth Ct. 330], 533 A.2d 1096 (1987).

Opinion of the Court of Common Pleas at 3.

■■■ The decision whether to permit an appeal nunc pro tunc is an equitable matter and our Court's scope of review is limited to a determination of whether the trial court has abused its discretion or committed an error of law. *Department of Transportation, Bureau of Traffic Safety v. Rick,* 75 Pa.Commonwealth Ct. 514, 462 A.2d 902 (1983).[5] An appeal nunc pro tunc may be granted only where the party making the request has shown that the delay in filing the appeal was caused by extraordinary circumstances involving "fraud or some breakdown in the court's operation through a default of its officers...." *Nixon v. Nixon,* 329 Pa. 256, 260, 198 A. 154, 157 (1938).

■■■ It is undisputed that Holmes filed her appeal on January 7, 1988, nearly seven months after the variance was granted on June 12, 1987. On April 28, 1988, Holmes filed a petition requesting the Court of Common Pleas to take additional evidence arguing that her appeal should be considered timely because the notice was inadequate both in its content and in the placement of the posting. Holmes relies upon *In re Girolamo,* 49 Pa.Commonwealth Ct. 159, 410 A.2d 940 (1980) where this Court concluded that where a store owner filed for a variance to convert a first floor rear apartment area into additional store area for an existing imported food store, but ultimately utilized this space to make and serve sandwiches, beverages, and pizza, the store owner's actions were sufficiently misleading as to be tantamount to fraud. We permitted a protester's late appeal of the board's granting of the variance. In *Girolamo,* the Court stated that "[w]here one intends to renovate a busi-

5. We note that usually our scope of review where no additional evidence was taken by the Court of Common Pleas is limited to determining whether the Board abused its discretion or committed an error of law, but in this instance we are reviewing the Court of Common Pleas' denial of Holmes' appeal and so we must determine whether the Court of Common Pleas abused its discretion or committed an error of law. *Rick.*

ness premises in such a manner as to possibly compete with an adjacent business and fails to set forth explicitly what is to be done with the premises, the element of fraud begins to surface." *Girolamo,* 49 Pa.Commonwealth Ct. at 165, 410 A.2d at 944. The *Girolamo* Court concluded that the applicant knew or should have known that the information set forth on the application was not truly representative of what he actually intended to do with the premises, and was the equivalent of fraud. Holmes alleges that the notice by Scranton Lace did not adequately set forth the relief sought, just as the application in *Girolamo* did not, and that the notice was not adequately posted, thereby warranting an extension of her appeal period.

Section 36–199(1) of the Ordinance provides:

*Public hearings to be held by a Board:* Upon filing with the Board of an appeal, or of a request for a variance as required by the terms of the ordinance, or for such other purposes as provided herein where the Board deems it in the public interest, the Board shall fix a time and place for a public hearing thereon as follows:

(1) *Public Notice:* By advertising at least once in two newspapers of general circulation in the City, not less than fourteen (14) days or more than thirty (30) days in advance of such hearing.

Section 36–199(6) of the Ordinance provides:

*Nature of the Notice*

The notice required shall be posted upon instructions from the Board and shall state the location of the building or lot in question and the general nature of the question involved.

Section 908(1) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10908(1) requires that notices "be given at such time and in such manner as shall be prescribed by ordinance or, in the absence of ordinance provision, by rules of the board." Holmes argues that the notice should have stated that Scranton Lace proposed to construct a loading dock. The notice that appeared in the Scranton Tribune and

the Scranton Times on May 29, 1987, contained essentially the same wording as Scranton Lace's application to the Board: "Scranton Lace– 1313 Meylert Avenue. Requesting a variance to decrease size of loading zone, 12′ × 45′ is required [sic]. M–1 Zone." (CR, Exhibit "C." *See* Scranton Lace's application at CR, Exhibit "A.")

The Court of Common Pleas concluded that Scranton Lace's application and notice were not so misleading as to be fraudulent. In *Appeal of Booz*, 111 Pa.Commonwealth Ct. 330, 533 A.2d 1096 (1987) this Court stated:

> Although our research has disclosed no Pennsylvania cases at the appellate level dealing with the issue of how accurate and specific public notice of a zoning board hearing must be with regard to the specific legal theory advanced by the applicant, we have recently endorsed the view that the purpose of a zoning board hearing notice is to inform potential protestants of the *general* nature of the application. *Dale v. Zoning Hearing Board of Tredyffrin Township*, 91 Pa.Commonwealth Ct. 220, 496 A.2d 1321 (1985). In *Dale*, we determined that reference in the official notice to the subject application as one for a special exception for construction of 'a new dormitory' was neither incorrect nor misleading despite the fact that a complex of three detached buildings was actually being proposed by the applicant.

*Appeal of Booz*, 111 Pa.Commonwealth Ct. at 335, 533 A.2d at 1098.

The purpose of the notice of a zoning board hearing is to apprise the public of the general nature of a zoning application. In *Appeal of Booz*, the notice stated that a hearing would be held for a variance to permit appellant to sell and lease new tractors on the property. We held the notice was adequate even though the type of zoning relief truly sought was technically a special exception and not a variance. The Court stated that:

> In support of our decision that the hearing notice was adequate, we note that there is no indication that Appellants' initial request for a variance was made with any

intent to deceive. In fact, the reference to a variance was apparently made based on the advice of several township officials.

*Id.,* 111 Pa. Commonwealth Ct. at 336, 533 A.2d at 1098.

Scranton Lace argues that the notice was adequate because the effect of constructng the loading dock would be to decrease the area of the loading zone below that required by the Ordinance.

There are relatively few cases which deal with the sufficiency of a zoning hearing notice. However, the object of a notice is to apprise potential protestants of the general nature of the application.... The test is not whether the notice gives complete detail concerning the application—only a review of the file will do that—but whether it describes the substance of the application, so that interested persons will be alerted and afforded an opportunity to investigate further....

R. Ryan, *Pennsylvania Zoning Law and Practice,* § 9.4.13 (1986 Supp.).

The notice stated that a variance was requested "to decrease the size of the loading zone" instead of "to construct a loading dock" because the Ordinance did not require Board approval to construct a loading dock in the M-1 zone under the Ordinance, as Scranton Lace accurately maintains. Approval was necessary to decrease the area of the loading zone. The Court of Common Pleas did not err when it determined that Scranton Lace's application and advertised notices were not so misleading as to constitute fraud.

■ Holmes also challenges the posting of the notice. A posting was made at the front of the Scranton Lace building at the corner of Glenn Street and Meylert Avenue.[6] Holmes' residence is across from the loading zone which is

6. An affidavit of Ronald F. Kitlas, the zoning officer for the City of Scranton, stated that Kitlas posted a "NOTICE OF ZONING HEARING POSTER in reference to the following Case No.: Appeal 1846 Scranton Lace vs. City of Scranton, by affixing poster to iron fence of said property." (Reproduced Record (RR) at 4a.)

located on Albright Avenue, and she argues the notice should have been posted at the loading zone. The purpose of the posted notice is to generally apprise the public of the relief sought. R. Ryan, *Pennsylvania Zoning Law and Practice*, § 9.4.13 (1986 Supp.). There being no requirement in the Ordinance requiring multiple postings around the premises, the Court of Common Pleas did not err in concluding that the notice posted at the front of Scranton Lace's premises was adequate.[7]

Accordingly, the Court of Common Pleas is affirmed on the issue of timeliness thereby precluding any necessity of addressing the remaining substantive issues. *Mars Area Residents*.

## ORDER

AND NOW, this 8th day of January, 1990, the order of the Court of Common Pleas of Lackawanna County dated January 5, 1989, at No. 88–Civil–110, is hereby affirmed.

---

7. Holmes also argues that she should have received individual notice by mail pursuant to Section 36–199(5) of the Ordinance, which provides:

 *Notice to Owners and Neighbors*
 Owners and residents shall be notified by mailing notice thereof to the owner, if his residence is known, and to the occupant of every lot on the same street within three hundred (300') feet of the lot or the building in question and of every lot not on the same street within one hundred (100') feet of said lot or building: *provided that failure to give such notice shall not invalidate any actions by the Board* (emphasis added).

 If in fact Holmes did not receive notice by mail, this failure does not invalidate the Board's action in granting Scranton Lace the requested variance.