**Tod KEEBLER, Eve Trbovich, Ann Czachor, Julie Czachor, Appellants**

v.

**ZONING BOARD OF ADJUSTMENT OF the CITY OF PITTSBURGH, City of Pittsburgh and Landmark Property Development, LLC.**

Commonwealth Court of Pennsylvania.

Argued April 19, 2010.

Decided June 29, 2010.

Arnold M. Horovitz, Pittsburgh, for appellants.

Lawrence H. Baumiller, Pittsburgh, for appellee, City of Pittsburgh.

Thomas H. Ayoob, III, Pittsburgh, for appellee, Landmark Property Development, LLC.

BEFORE: McGINLEY, Judge, and McCULLOUGH, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Tod Keebler, Eve Trbovich, Ann Czachor and Julie Czachor (Objectors) appeal from an order of the Court of Common Pleas of Allegheny County which affirmed the decision of the Zoning Board of Adjustment of the City of Pittsburgh (Board) granting Landmark Property Development, LLC (Landmark) a use variance to construct condominiums on property owned by it (Property). We vacate and remand.

The Property consists of a "T" shaped lot that is approximately 7,708 square feet. The Property fronts three streets, Sarah Street, 13th Street and Uxor Way in the South Side area of the City of Pittsburgh. The Property is zoned R1A–VH, Single–Unit Attached Residential–Very High Density.

In January, 2008, Landmark filed an application with the Board seeking a special exception pursuant to Section 921.02.-A.4 of the Zoning Code (Code), to change a previously recognized nonconforming commercial use into a proposed nonconforming use of fifteen residential dwellings with sixteen integral garage spaces. Prior to any testimony being taken, the Board suggested to Landmark that it meet with various citizen groups in the South Side to discuss its proposed development. The Board hearing was then continued and Landmark subsequently participated in approximately four meetings with residents of the South Side.

On March 27, 2008, the Board conducted a hearing at which time Landmark amended its application to reduce the proposed number of condominiums from fifteen to nine and to reduce the number of parking spaces from sixteen to twelve. The proposed structure would be forty feet high and have three stories and a basement.

At the hearing, it was shown that under the 1923 zoning ordinance, the Property was zoned Light Industrial. Under the 1958 zoning ordinance, the Property was zoned Residential. The last existing use of the Property on record with the zoning administrator is that of a police station jail.

Prior ownership and use of the Property revealed that in March of 2001, the Property was purchased by Kimbrough & Associates LLC (Kimbrough). Kimbrough had applied to the Board and was granted a nonconforming commercial office use. However, no occupancy permit was ever issued and conversion of the Property into an office structure was never completed. In June of 2006, Kimbrough sold the Property to Jail House Lofts, LLC. In June of 2007, Jail House Lofts sold the Property to Landmark. At the time Landmark purchased the Property, it contained an unsound and unsafe building which was incapable of being rehabilitated. Landmark razed the building but the foundation remained.

In its decision, the Board observed that Landmark was requesting that it be granted a special exception to change from one nonconforming use to another. The Board noted, however, that prior to being razed, the Property was a nonconforming use and that upon razing of the building, the Property abandoned its status as a nonconforming use under § 921.02.B.2 of the Code. The Board further stated that given the unique physical conditions of the Property, it cannot be used for a single family dwelling. Under *Appeal of Booz*, 111 Pa. Cmwlth. 330, 533 A.2d 1096 (1987), the Board reasoned that it could permit the grant of the proposed use on a different legal theory than that which was initially requested by Landmark. Thus, although the special exception requested by Landmark "cannot be granted under a theory of a change in a nonconforming use" the Board concluded that Landmark was entitled to a use variance. (Board's Conclusion of Law No. 6.) As such, the Board granted Landmark a use variance.

■ Objectors appealed to the trial court and Landmark intervened in the appeal. The trial court affirmed the decision of the Board and this appeal followed.[1]

■ Objectors initially argue that the Board erred in not providing them with an opportunity to address the issue of whether Landmark was entitled to a use variance. We agree.

Before the Board, Landmark maintained that it was seeking a special exception and that it was not seeking any variances. In fact, Landmark's application was never amended to reflect a request for a use variance. It was only during its deliberations that the Board determined that Landmark was entitled to a use variance. Although the Board may render the appropriate zoning relief other than that requested in the application, Objectors correctly claim that the Board must provide them an opportunity to be heard with respect to the variance.

1. Where, as here, the trial court does not take additional evidence, this court's review is limited to determining whether the Board abused its discretion or committed an error of law. *Hill District Project Area Committee, Inc. v. Zoning Board of Adjustment of the City of Pittsburgh*, 162 Pa.Cmwlth. 323, 638 A.2d 278, *petition for allowance of appeal denied*, 538 Pa. 629, 646 A.2d 1182 (1994).

In *Booz*, the applicant applied to the board for a variance to permit the expansion of its tractor repair service to include sales and leasing of new tractors and trailers. Applicant also sought to erect two signs advertising its dealership. At the hearing, opponents appeared and presented testimony in opposition to the variance. The board thereafter granted a variance for erection of the signs. As to the actual expansion of the business, the board granted a special exception instead of a variance.

In determining that a remand was appropriate this court stated:

> *Where, as here, the application of an alternate legal theory is first undertaken by the Board at the time of the deliberation, the Board must likewise provide notice and an opportunity to be heard to any objectors who entered an appearance at the first hearing.* Such notice may be accompanied either by individual written notice to the objectors or by public notice of a second hearing specifying the legal theory which the Board has determined to be applicable. Since Appellees in the instant case were not afforded notice and an opportunity to satisfy their burden in opposition to the grant of a special exception to Appellants, we find it necessary to remand for further proceedings.

(Emphasis added.) *Id.* at 1099.

Here, Landmark requested a special exception. The Board concluded, however, that by razing the building at issue, Landmark had abandoned its status as a nonconforming use. As such, the request for a special exception to change from one

conforming use to another could not be granted. Nonetheless, during its deliberations, the Board determined that Landmark was entitled to a variance. Like the opponents in *Booz*, Objectors claim that they did not have an opportunity to be heard and present evidence regarding their opposition to the grant of a variance. The burden which must be met for a special exception is different from that of a variance and we agree that Objectors' remedy is a remand to afford them an opportunity to present evidence in opposition to the use variance. Although Landmark argues that Objectors were afforded adequate notice of the project at issue, *Booz* requires that Objectors have notice of the legal theory which the Board has determined to be applicable.

■ We next address Landmark's contention that the decision of the trial court and Board should be upheld on the basis that Landmark is entitled to a special exception in order to change one nonconforming use into another nonconforming use.[2]

Before the Board, Landmark argued that it was entitled to a special exception to change the nonconforming warehouse use into another nonconforming use, condominiums. Landmark asserts that this court can uphold the decision of the Board by applying a change in nonconforming use analysis. In *Ridley Township v. Pronesti*, 431 Pa. 34, 244 A.2d 719 (1968), the Court stated that a correct decision will be sustained for any reason whatsoever, even though the reason given by the court below to sustain its decision was erroneous. Thus, if this court were to determine that

**2.** Objectors maintain that Landmark has waived the special exception issue because it did not file an appeal from the Board's decision. In accordance with Pa. R.A.P. 511, however, "an appellee is not required to file a cross-appeal where a lower tribunal ruled against a single issue, when the tribunal's underlying judgment is in favor of the appellee." *Borough of Duncansville v. Beard*, 919 A.2d 327, 330 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 593 Pa. 750, 931 A.2d 659 (2007).

the variance analysis was incorrect, Landmark argues that its application should be approved as a special exception in that it is changing from one nonconforming use to another.

We agree, with the Board's conclusion, however, that Landmark abandoned the nonconforming use. The relevant provisions of the Code provide:

**921.02.B  Abandonment**

■  921.02.B.1 Effect of Abandonment

Once abandoned, a nonconforming use shall not be reestablished or resumed. Any subsequent use or occupancy of the structure or land site must conform with the regulations of the district in which it is located and all other applicable requirements of the Code.

921.02.B.2 Evidence of Abandonment

A nonconforming use shall be presumed abandoned when any one (1) of the following occurred:

(a) A less intensive use has replaced the nonconforming use;

(b) Greater than twenty-four (24) percent of the building or structure has been removed through the applicable procedures for condemnation of unsafe structures or otherwise by operational law;

(c) The owner has physically changed the building or structure or its fixtures or equipment in such a way as to clearly indicate a change in use or activity to something other than the nonconforming use; or

(d) The use has been discontinued, vacant or inactive for a continuous period of at least one (1) year, provided this presumption may be rebutted upon showing, to the satisfaction of the Zoning Board of Adjustment, that the owner had no intention to abandon. Where appropriate, the Zoning Board of Adjustment may require contemporaneous documentation of previous use or intended use, such as leases or real estate advertisement, to rebut the presumption.

Landmark claims that it did not abandon, nor did it intend to abandon the nonconforming use. By razing the building, however, Landmark has abandoned its status as a nonconforming use as defined in § 921.02.B.2. inasmuch as it has physically changed the structure of the building by demolishing it which clearly indicates a change in use. Moreover, "while proof of intent to relinquish the use voluntarily is necessary in an abandonment case, such proof is not necessary where the structure is destroyed because the right to reconstruct a structure is extinguished by operation of law." *Korngold v. Zoning Board of Adjustment of the City of Philadelphia,* 147 Pa.Cmwlth. 93, 606 A.2d 1276, 1280, *petition for allowance of appeal denied,* 533 Pa. 614, 618 A.2d 404 (1992).[3]

In accordance with the above, we vacate and remand to the trial court with instructions that it remand to the Board in order to afford Objectors an opportunity to present evidence in opposition to the use variance.

### ORDER

Now, June 29, 2010, the order of the Court of Common Pleas of Allegheny County, in the above-captioned matter, is

---

3. Landmark argues that because the foundation remains, there has been no abandonment. We disagree inasmuch as there is no dispute that the structure itself has been demolished and where the structure has been destroyed the right to reconstruct the structure is extinguished by operation of law.

vacated and the case is remanded for further proceedings.

Jurisdiction relinquished.