255 N.J. Super. 262 (1992)
604 A.2d 994
BROWER DEVELOPMENT CORP. AND JOSEPH D. BROWER, JR., PLAINTIFFS-APPELLANTS,
v.
PLANNING BOARD OF THE TOWNSHIP OF CLINTON AND THE MAYOR AND COUNCIL OF THE TOWNSHIP OF CLINTON, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1991.
Decided April 2, 1992.
*263 Before Judges J.H. COLEMAN, STERN and KEEFE.
Ralph J. Salerno argued the cause for the appellants (Salerno & Lunga, attorneys).
William A. Shurts argued the cause for the respondent, Planning Board of the Township of Clinton (Felter, Cain & Shurts, attorneys).
Raymond S. Papperman argued the cause for the respondent, The Mayor and Council of the Township of Clinton (Vaida & Manfreda, attorneys).
The opinion of the court was delivered by KEEFE, J.A.D.
The issue to be decided is whether in municipalities which require that a notice of hearing concerning site plan approval be given to all property owners within 200 feet of the property which is "the subject of [the site plan] hearing," the applicant must give notice to property owners within 200 feet of property that is not owned by the applicant but will be used by the applicant as a secondary access road to the development. Judge Roger Mahon, the trial judge, held that notice must be given in such instances and that the failure to do so deprives the Planning Board of jurisdiction. We agree and affirm the judgment under review substantially for the reasons stated by Judge Mahon.
In April 1987, plaintiffs, Brower Development Corporation and Joseph D. Brower, Jr., applied to the defendant Planning Board of the Township of Clinton ("Board") seeking preliminary site plan approval to construct 231 residential condominiums and townhouses on 41.633 acres located on Block 66, Lots 12, 13 and 14 of the Clinton Township tax map. The project also included a 9.617 acre parcel located on Block 70, Lot 54 in High Bridge Borough. The property is located in the municipality's CR-2 (commercial-residential) zone and, although no variances were required, plaintiffs requested several design *264 waivers. From April to November 1987, plaintiffs met with the Board and, as a result of these meetings, several revisions were made to the site plan.
Importantly, one of the revisions included a secondary access road to the site to permit a left-hand turn to be made at the intersection of County Route 513 and State Highway 31. Formerly, the only ingress and egress at the site was onto Highway 31, a heavily congested roadway. Evidently, the Board had suggested this revision because it would allow police and rescue vehicles to enter the development via Route 513, thus avoiding heavily traveled Highway 31.
The secondary roadway began at the south-east portion of Block 66, Lot 13 and crossed over it onto Lot 11. It continued in a north-east direction on Lot 11 and passed through Lot 12, continuing across the Clinton Township municipal boundary line into High Bridge Borough through Block 20, Lot 52[1] where it connected with Route 513.
On November 16, 1987, the Board held a hearing to review plaintiffs' revised plans. At that time, plaintiffs' attorney advised the Board that his clients had reached an agreement with the owners of Lots 11 and 12, in order to construct the proposed secondary access roadway. Plaintiffs had secured an easement over Lot 11. Although the record is not entirely clear, it appears that plaintiffs had entered into a contract with the record owner of Lot 12 and considered that lot to be part of their site plan application. In any event, plaintiffs' attorney stated that all property owners within 200 feet of Lots 12, 13 and 14 had been notified of the proposed development pursuant *265 to N.J.S.A. 40:55D-12. Plaintiffs' attorney also represented that all property owners within 200 feet of Lot 11 had been notified of the proposed development. (That representation would later prove to be incorrect).
As to the portion of the proposed roadway that traversed Lot 52 in High Bridge Borough, plaintiffs' attorney asserted that the High Bridge Borough tax map showed an existing right-of-way on Lot 52. Because the right-of-way had existed for many years, plaintiffs' attorney implied that notice to adjacent property owners of the proposed roadway improvement was not required.
It appears that the Board was unsure whether property owners within 200 feet of Lot 11 in Clinton and Lot 52 in High Bridge Borough had to be notified of the secondary roadway before it could review plaintiffs' proposal. However, plaintiffs refused to grant the Board an extension to review the site plan. Instead, they opted to have the Board review the plan with the knowledge that the Board may have lacked jurisdiction to do so because the notice requirements may not have been satisfied. Plaintiffs were aware that the municipality had proposed a zoning change in October 1987 that would affect plaintiffs' proposal and reduce the permitted density of the tract. Thus, plaintiffs apparently decided to take a chance that the notice requirements were satisfied so their proposal would be approved before the pending zoning change became effective.
According to plaintiffs' traffic expert, the proposed secondary access roadway onto Route 513 would be used by approximately 20% of the traffic generated by the development.
On December 21, 1987, the Board memorialized its decision in a four page resolution. The Board recited various reasons for denying approval but also noted that property owners within 200 feet of Lot 52 had not been given notice of the hearing.
After plaintiffs filed a complaint in lieu of prerogative writ challenging the Board's determination, Judge Mahon remanded the matter to the Board to develop the record regarding plaintiffs' *266 compliance with the statutory notice requirements. At the limited issue remand hearing held before the Board on April 16, 1990, plaintiffs asserted that because the secondary roadway was an off-tract improvement, as opposed to "property" that was part of their site plan, they were not required to notify all property owners within 200 feet of the roadway of the Board's hearing regarding their development proposal. Plaintiffs offered the testimony of Elizabeth McKenzie, a New Jersey licensed professional planner, in support of their position. McKenzie testified that the secondary roadway fell within the statutory definition of "off-tract." N.J.S.A. 40:55D-5. She explained that the proposed secondary roadway should be classified as an off-tract improvement because it was a street improvement that would take place off of the tract that was the subject of the development application and because the roadway would serve not only the needs of the development but also the needs of the general public.
When asked if notice was required to be given to property owners within 200 feet of the proposed roadway where it became an off-tract improvement due to its location outside of the three-lot tract that comprised plaintiffs' proposal, McKenzie asserted that because the Municipal Land Use Law (MLUL) is silent with regard to notice requirements for off-tract improvements, "one has to conclude that notice is not required."
Judge Mahon disagreed. He characterized the issue before him as follows: "[W]hen an applicant builds a road as part of a project, does that road become part of the property which is the subject of the development for notice purposes?" He answered the question affirmatively and based his decision upon the policy of the MLUL to require notice to those parties who will be most affected by land development. He found that because construction of the proposed roadway would "significantly impact neighboring property owners," those property owners were entitled to notice of the proposed roadway construction. Judge Mahon concluded that because property owners near the proposed access road were entitled to notice and an opportunity *267 to be heard and there was no factual dispute that they were not notified, the Board was entitled to summary judgment as a matter of law. He did not address the merits of the Board's decision to deny plaintiffs' site plan request.
On appeal, plaintiffs argue that the judge erred as a matter of law because they were not required to notify all property owners within 200 feet of the secondary roadway. In addition, plaintiffs contend that the Board's decision must be reversed because it was arbitrary, capricious and unreasonable. We need not address the latter issue in light of our decision on the jurisdictional question.
N.J.S.A. 40:55D-12a does not mandate public notice of a hearing on an application for conventional site-plan review. However, the statute provides that a municipal governing body may, by ordinance, require such notice. In the instant matter, § 72-8B(1)(a) of the Clinton Township Code requires public notice on applications for development with the exception of minor subdivisions, minor site plans and final approval. Clinton, N.J., Code § 72-8B(1)(a) (1984). The Clinton Township Code defines a minor site plan as a conventional site plan that does not involve "any new building, any addition to an existing building or any physical on-site improvements." Id. § 72-4. Clearly, plaintiffs' extensive residential development did not fall within the definition of a minor site plan and therefore public notice of the site plan application was required.
Section 72-8B(1)(b) of the Township's Code mirrors the language of N.J.S.A. 40:55D-12b and provides in part that:
Notice of a hearing requiring public notice ... shall be given to the owners of all real property, as shown on the current tax duplicate, located in the state and within two hundred (200) feet in all directions of the property which is the subject of such hearing. ...
Id. § 72-8B(1)(b) (emphasis added).
Unfortunately, neither the MLUL nor the Township's Code defines the phrase "property which is the subject of such hearing." Plaintiffs argue that only Lots 12, 13 and 14, located in Clinton Township comprised the property that was the subject *268 of their site plan application and for that reason only those property owners located within 200 feet of those lots were entitled to notice. Plaintiffs characterized those sections of the secondary access roadway that passed through Lot 11 in Clinton Township and Lot 52 in High Bridge Borough as off-tract improvements that were not part of the "property" per se. Thus, plaintiffs maintain that property owners within 200 feet of those lots were not entitled to notification of the site plan hearing.
In our view, characterizing the secondary roadway as an off-tract improvement does not resolve the ultimate issue of whether the notice requirements were satisfied. The MLUL defines "off-tract" as "not located on the property which is the subject of a development application nor on a contiguous portion of a street or a right-of-way." N.J.S.A. 40:55D-5. That definition has significance only when read in conjunction with N.J.S.A. 40:55D-42. The latter statute permits a municipal governing body to require a developer to pay his pro rata share of the cost of providing reasonable and necessary street improvements, water, sewerage, drainage facilities and easements therefore, located outside of the property limits of the subdivision or development but necessitated by construction or improvements within the subdivision or development as a condition of approval. N.J.S.A. 40:55D-42; Amato v. Randolph Tp. Plan. Bd., 188 N.J. Super. 439, 449-52, 457 A.2d 1188 (App.Div. 1982).
Actually, plaintiffs' secondary roadway, because of the acquisition of Lot 12 and the easement, falls more clearly within the MLUL's definition of "off-site" rather than the definition of "off-tract." The MLUL defines "off-site" as "located outside the lot lines of the lot in question but within the property (of which the lot is a part) which is the subject of a development application or a contiguous portion of a street or right-of-way." N.J.S.A. 40:55D-5. Thus, although the proposed roadway is not contained within the lots slated for residential development, it may be said to be a part of the "property" that is the subject of plaintiffs' development proposal.
*269 Here, plaintiffs agreed to provide a secondary access road to the site in response to the Board's concerns. Plaintiffs acquired Lot 12 and obtained an easement over Lot 11 for that purpose. The question whether the roadway would constitute an off-tract improvement and whether plaintiffs would then be required to pay their pro rata share for such improvement was never raised. In any event, plaintiffs fail to show how the concept of bearing all or a portion of the improvements has any relevancy to the notice requirement.
Plaintiffs contend that development of the proposed roadway must be conditioned upon approval of the High Bridge Planning Board and, thus, property owners within 200 feet of the roadway that traversed Lot 52 in High Bridge Borough would be given adequate notice of the proposed roadway in a subsequent proceeding. However, N.J.S.A. 40:55D-12b requires that notice "pursuant to subsection a" be given to all property owners within 200 feet of the subject property, regardless of whether those property owners are located within the municipal boundary of the property slated for development. A municipal ordinance adopted pursuant to subsection a of N.J.S.A. 40:55D-12, such as Clinton did here, implicates the type of notice intended by N.J.S.A. 40:55D-12b. For that reason, we agree with Judge Mahon's decision that property owners within 200 feet of the secondary access roadway were entitled to notice of the Board's site plan hearing regarding plaintiffs' development proposal.
As a general proposition, Judge Mahon found that the Planning Act of 1930 and the Municipal Planning Act of 1953, predecessors of the MLUL, embodied explicit provisions for notice of hearing in connection with the approval of plats. We agree. See Virginia Constr. Corp. v. Fairman, 39 N.J. 61, 70, 187 A.2d 1 (1962). Under both of the earlier acts "legislative solicitude for the public interest is entirely evident" since the Planning Act of 1930 required that "hearing on notice to all interested parties was required before `action is taken' (R.S. 40:55-12)" and the later act provided that "approval [could] ... take place [only] `after hearing' on notice to all interested *270 parties. N.J.S.A. 40:55-1.18; N.J.S.A. 40:55-1.7." Id. Nothing in the MLUL suggests a different approach.
It is clear to us that property owners located near the secondary roadway would be significantly affected by its construction and should have been afforded notice of the Board's hearing. Common sense interpretation of the Code dictates that the lots traversed by the roadway became part of the property that was the subject of the Board's hearing. Because it is undisputed that these property owners were not notified of the hearing, the Board was without jurisdiction to review plaintiffs' proposal and its decision is rendered a nullity. See Cox, New Jersey Zoning and Land Use Administration § 27-1.5(g) at 342 (1991) (service of statutory notice is a jurisdictional requirement).
Affirmed.
NOTES
[1] There is some confusion in the record as to whether the parcel traversed by the proposed roadway in High Bridge Borough is Block 20, Lot 52 or Block 52, Lot 20. We have chosen to designate it as Block 20, Lot 52 based upon the Board's resolution which identified it as such, and plaintiffs' attorney's representation at the hearing on April 16, 1990 that he was marking as R-4 "a list of property owners within two hundred feet of Block 20 Lot 52." A copy of applicants' site plan was not included as part of the appellate record.