295 N.J. Super. 234 (1996)
684 A.2d 1005
PERLMART OF LACEY, INC., A NEW JERSEY CORPORATION AND PIEDMONT ASSOCIATES, A NEW JERSEY PARTNERSHIP, PLAINTIFFS-APPELLANTS,
v.
LACEY TOWNSHIP PLANNING BOARD, LACEY DEVELOPMENT LIMITED, A PARTNERSHIP, AND SUNRISE POINT ASSOCIATES, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1996.
Decided November 25, 1996.
*235 Before Judges KING, KEEFE and CONLEY.
William J. O'Hagan, Jr. argued the cause for appellants (Stout & O'Hagan, attorneys; Mr. O'Hagan, of counsel; Barbara L. Birdsall, on the brief).
Gregory P. McGuckin argued the cause for respondent Lacey Township Planning Board (Dasti, Murphy & Wellerson, attorneys; Jerry J. Dasti, of counsel; Mr. McGuckin, on the brief).
Harvey L. York argued the cause for respondent Sunrise Point Associates (Novins, York & Pentony, attorneys; Mr. York, of counsel; Robert M. McKeon, on the brief).
The opinion of the court was delivered by CONLEY, J.A.D.
This appeal arises from a Lacey Township Planning Board grant of various site plan, variance and conditional use permit applications for a K-Mart shopping center. It is undisputed that the required public notice did not specify that the various applications were for a K-Mart shopping center or that the shopping center was a conditional use. It is also undisputed that the application did not comply with all of the conditions required to be *236 met by conditional uses under Lacey Township Zoning Ordinance § 108.53(c). These facts provided the basis for counts two and three of plaintiffs'[1] complaint in lieu of prerogative writs challenging the grant of the various applications. Count two contends the Planning Board lacked jurisdiction because of the defective notice. Count three contends that the Planning Board lacked jurisdiction because waivers or variances from the Lacey Township conditional use standards were required which only the Board of Adjustment could grant pursuant to N.J.S.A. 40:55D-70(d)(3). Partial summary judgments in favor of defendants[2] were entered on these counts.
The complaint, and thus this appeal, encompassed other contentions which were also disposed of in favor of defendants; but we concern ourselves with the summary judgments granted on counts two and three. We are convinced that the summary judgment granted defendants as to count two is erroneous. Since proper notice is a jurisdictional prerequisite, and a failure to so provide is fatal to the Planning Board's approval, it is not necessary for us to consider whether summary judgment on count three was incorrectly granted. However, the issue of whether the Planning Board or the Board of Adjustment has jurisdiction over the development application here may recur in the event defendant developer chooses to proceed with a new public notice and reapplication. We, thus, express some views as to that issue.
Public notice of the hearing on the applications was required pursuant to N.J.S.A. 40:55D-12(a). The contents of such notice is governed by N.J.S.A. 40:55D-11 which states that the notice:
shall state the date, time and place of the hearing, the nature of the matters to be considered and, . .. an identification of the property proposed for development by *237 street address, ... and the location and times at which any maps and documents for which approval is sought are available....
[Emphasis added.]
The public notice here set forth the date, time and place of the hearing, identified the street address of the property, and where and when members of the public might have access to the application documents. But whether it also adequately noticed the public of the "nature of the matters to be considered" is the question. In this respect, the notice informed the public that the application sought the following approvals:
Minor subdivision approval with variance from [lot area, front yard setback and rear-yard setback requirements]. The minor subdivision will result in the creation of 3 commercial lots with a total of 42.53 acres. Applicant also seeks major site plan approval with variances [from buffer zone, landscaping and sign requirements] ... possible variance from the building height requirement ... together with such other variances and design waivers as may be requested.
Plaintiff's primary contention is that while the notice informed the public that certain variances and minor and major site plan approvals were being sought "for the creation of commercial lots" in a commercial zone, it does not tell the public of the nature of that use, i.e. a conditional use K-Mart shopping center.[3]
We have recognized the importance of the public notice requirements of the Municipal Land Use Law (MLUL) and the fact that such notice is jurisdictional. Brower Dev. Corp. v. Planning Bd., 255 N.J. Super. 262, 269, 604 A.2d 994 (App.Div. 1992) (such notice requirements evidence "`legislative solicitude for the public interest'" (citation omitted)). It is, to us, plain that the purpose for notifying the public of the "nature of the matters to be considered" is to ensure that members of the general public who may be affected by the nature and character of the proposed development are fairly apprised thereof so that they may make an informed determination as to whether they should participate in the hearing or, at the least, look more closely at the plans and *238 other documents on file. Scerbo v. Orange Bd. of Adj., 121 N.J. Super. 378, 389, 297 A.2d 207 (Law Div. 1972). E.g. Drum v. Fresno County Dep't of Public Works, 144 Cal. App.3d 777, 782-83, 192 Cal. Rptr. 782, 786 (Ct.App. 1983); Shrobar v. Jensen, 158 Conn. 202, 207, 257 A.2d 806, 809 (Sup.Ct. 1969); Lunt v. Zoning Board of Appeals, 150 Conn. 532, 537, 191 A.2d 553, 556 (1963); Appeal of Booz, 111 Pa.Commw. 330, 335, 336, 533 A.2d 1096, 1098 (1987).
Thus, "`[w]hen a statute requires a notice to be given to the public, such a notice should fairly be given the meaning it would reflect upon the mind of the ordinary layman, and not as it would be construed by one familiar with the technicalities solely applicable to the laws and rules of the zoning commission.'" Holly Development, Inc. v. Board of County Comm'rs, 140 Colo. 95, 101, 342 P.2d 1032, 1036 (1959) (citations omitted); United Citizens of Mount Vernon v. Zoning Bd. of Appeals, 109 Misc.2d 1080, 1086, 441 N.Y.S.2d 626, 630 (Sup.Ct. 1981), appeal dismissed by 60 N.Y.2d 551, 467 N.Y.S.2d 1025, 454 N.E.2d 126 (1983). Consequently, the critical element of such notice has consistently been found to be an accurate description of what the property will be used for under the application. See Scerbo v. Orange Bd. of Adj., supra, 121 N.J. Super. at 388, 297 A.2d 207 (notice of an application to construct a residential treatment center was sufficient even though it did not state that a special exception or variance was sought). And see Chitwood v. County of Adams, 495 P.2d 562, 564 (Colo.Ct.App. 1972) (notice of an application for approval of a dog kennel was sufficient even though the precise type of zoning relief (a "special exemption") was not identified); Shrobar v. Jensen, supra, 158 Conn. at 207, 257 A.2d at 809 (notice of an application to reconstruct and improve a filling station was adequate); Moore v. Cataldo, 356 Mass. 325, 327, 249 N.E.2d 578, 580 (Sup.Ct. 1969) (notice of an application for the construction of a nursing home was sufficient); United Citizens of Mount Vernon v. Zoning Bd. of Appeals, supra, 109 Misc.2d at 1086-87, 441 N.Y.S.2d at 631 (notice of an application to construct *239 elderly housing of thirty units was sufficient even though the type of zoning action was not mentioned: "[s]tating whether the application involves an extension of a non-conforming or a use variance or an area variance or any combination thereof is confusing enough even to lawyers and judges let alone the ordinary laymen."); Appeal of Booz, supra, 111 Pa. Commw. at 335, 533 A.2d at 1098 (notice of an application to expand repair services use of the property to include sale and lease of tractors and trailers was adequate even though it did not characterize the type of zone relief (a variance) that was sought).
In explaining the need for a common sense description of the nature of the application, such that the ordinary layperson could understand its potential impact upon him or her, the court in Booz observed:
As pertinently noted by a leading expert on zoning in Pennsylvania:

People turn out at a zoning hearing to oppose "a gasoline station," or a given sign or structure. Few laymen have any idea of the difference between a variance and a special exception, and certainly no lawyer would advise his client to "stay away" on the basis of that distinction....
The notice requirements should be read as requiring a reasonably accurate description of the activity or structure which the application wishes to institute or erect; e.g., "gasoline station," or an "accessory building located within the required rear yard." ... Where the notice fails to give a reasonably accurate description of this, adjacent landowners may well be misled.
We believe that placing emphasis on the importance of accurately identifying the type of use or activity proposed by the applicant in laymen's terms, rather than the technical zoning term for that use, serves the dual purpose of adequately apprising the public of the general subject of the zoning hearing while at the same time avoiding unnecessary delays which could result from the need to readvertise the hearing in those cases where the applicant mischaracterizes the technical zoning relief which is sought.
[111 Pa. Commw. at 335, 533 A.2d at 1098 (quoting R. Ryan, Pennsylvania Zoning Law and Practice § 9.4.13 (1986 Supp.)) (emphasis added).]
The notice here did not advise the public that the nature of the proposed use was a K-Mart shopping center. It is that information, however, that would inform the public of the nature of the application in a common sense manner such that the ordinary layperson could intelligently determine whether to object or seek further information. Without that basic information, we *240 are not assured that the general public understood the nature of the application, particularly in view of the variety of potential commercial uses under the Lacey ordinance.[4]Contrast Scerbo v. Orange Bd. of Adj., supra, 121 N.J. Super. at 388, 297 A.2d 207 (under former N.J.S.A. 40:55-53, notice that informed the public of an application for "a residential treatment center" satisfied the notice requirements even though it did not advise that such application was for a special use variance). And see Drum v. Fresno County Dep't of Public Works, supra, 144 Cal. App.3d at 783, 192 Cal. Rptr. at 786 (notice of application to build a garage was not adequate because it did not advise the public that a second story dwelling over the garage was also part of the proposed use); Fedder v. McCurdy, 768 P.2d 711, 714 (Colo.Ct. App. 1988) (public notice of a height variance application for "a structure in a G-I zone" was not adequate because it did not advise the public of the proposed use of the structure, a concrete batch plant); Lunt v. Zoning Board of Appeals, supra, 150 Conn. at 536-37, 191 A.2d at 556 (notice of application to change use of property from nonconforming mink ranch to a "lesser nonconforming use" was not adequate in that it did not advise the public that the property was to be used as a shopping center); Kane v. Board of Appeals, 273 Mass. 97, 103, 173 N.E. 1, 3 (1930) (notice of a variance for the "erection of alterations in a proposed building" was not adequate because it did not inform the public that the alterations were for a gasoline filling station).
Moreover, although we do not necessarily adopt the position of plaintiff that N.J.S.A. 40:55D-11 requires, as well, notice that a conditional use approval is sought, plainly such is required both by the Lacey Township site plan ordinance § 90-1G and its subdivision ordinance § 93-3c. See N.J.S.A. 40:55D-12(a). In addition, N.J.S.A. 40:55D-51(c) provides:

*241 Whenever approval of a conditional use is requested by the developer pursuant to this subsection, notice of the hearing on the plat shall include reference to the request for such conditional use.

[Emphasis added.]
We thus conclude that the public notice here was deficient because it did not identify the nature of the proposed use, i.e. that it was a conditional use shopping center. Because the notice was deficient, the Planning Board lacked jurisdiction to consider the application. E.g., Oliva v. City of Garfield, 1 N.J. 184, 190-91, 62 A.2d 673 (1948); Schumacher v. Union City, 9 N.J. Misc. 492, 495, 154 A. 406 (Sup.Ct. 1931); Brower Dev. Corp. v. Planning Bd., supra, 255 N.J. Super. at 270, 604 A.2d 994.
Since defendant developers may pursue their application with a new, presumably adequate, notice, we note our concerns over the summary judgment that was granted as to count three. To be sure, planning boards, where so empowered by local ordinance, have jurisdiction to approve a conditional use application "according to definite specifications and standards which shall be clearly set forth with sufficient certainty and definiteness...." N.J.S.A 40:55D-67(a). And see N.J.S.A. 40:55D-25(a)(4); N.J.S.A. 40:55D-67. But if a variance or waiver is required for a deviation from a standard that is applicable to a conditional use under the local zoning ordinance, as opposed to general zone standards that must be met by all uses, jurisdiction resides in the Board of Adjustment. N.J.S.A. 40:55D-70(d)(3). See generally, Coventry Square, Inc. v. Westwood Zoning Bd. of Adj., 138 N.J. 285, 295, 650 A.2d 340 (1994); White Castle Systems v. Planning Bd., Clifton, 244 N.J. Super. 688, 692-93, 583 A.2d 406 (App.Div. 1990), certif. denied, 126 N.J. 320, 598 A.2d 880 (1991).
The Lacey Township ordinance in § 108.53 contains separate provisions concerning conditional uses. Subsection A thereof states:
This section sets forth those general and specific standards and regulations by which the Planning Board shall consider applications for conditional use permits. The Planning Board may grant or deny a conditional use permit for which application is brought, but shall do so only in accordance with the standards and regulations set forth hereunder. ...

*242 [Emphasis added.]
As to those standards, subsection C sets forth eleven separate standards that must be met by all conditional uses and which are to be considered "as supplementary to any performance or other specific requirements" set forth generally in the zone in which the conditional use is located. Section 108.53 also contains in subsection (D) more specific and definite specifications for certain particular conditional uses. A shopping center is not one. The Lacey Township ordinance, then, contains standards applicable to all conditional uses (subsection C) and more specific standards applicable to certain conditional uses (subsection D). But in either case, the standards are drawn solely for conditional uses. They are distinct, even as to the more general ones in subsection C, from the standards that generally must be met by all uses in a particular zone. In this respect, it has been noted that:
If ordinances are structured properly, no confusion need result to an applicant. Specific conditions for specific conditional uses should be established in the zoning ordinance separate and apart from general zone district regulations. This will inform the applicant that, if a variance is required from any of such specific conditions, application should be made to the zoning board of adjustment, but if a variance is required only as to one of the general district regulations, relief can and must be had from the planning board in connection with its review of the conditional use application, which is within the exclusive jurisdiction of the planning board....
A more confusing situation exists where one of the "conditions" for the conditional use is that the applicant comply with certain other requirements of the zone or of a different zone. Some attorneys take the position that where, for example, compliance with all bulk requirements of the zone is expressly required as a condition for a conditional use, the board of adjustment can treat these under its c variance powers rather than as variances from conditional use requirements. Essentially this presents a question of statutory construction, in which the intent of the governing body is a major consideration. See 5-2.3. It would seem to the writer that in most cases reference to the zone area and bulk requirements, in the conditional use section of the ordinance, evinces an intent that the applicant for a conditional use must comply with the minimum requirements of the zone and therefore, if he cannot do so, he ceases to be a candidate for conditional use status; a use variance, specifically in this example a d(3) variance, would be required.

[Cox, New Jersey Zoning and Land Use Administration § 17-4.1 (1996) (emphasis added).]
Defendant's development application for the K-Mart shopping center did not comply with, at the least, two of the eleven *243 standards applicable to conditional uses under § 108.53(c). Those standards are:
(6) That buffer strips and screening shall be provided in accordance with the standards and regulations set forth in § 108-34 of this chapter, in order to protect adjacent property from any detrimental effects which could be caused by off-street parking or other activity or use.
........
(11) That any building or structure to be erected shall be located in accordance with all requirements of the zone in which said building is to be located, unless otherwise specified in this section or this chapter.
A waiver or variance from both, therefore, was required.
The essence of defendants' contention that, nonetheless, the Planning Board properly exercised jurisdiction over the application is that the standards in § 108-53(c) of the Lacy Township ordinance are void for lack of specificity and, therefore, the shopping center conditional use need meet no special standards. That, of course, would render that use a permitted use. We express no view as to this, except to note that § 108-53(c) has never been judicially declared invalid or amended by the Township. We also observe that the standards set forth in subsection (c) are certainly more definitive than those found invalid in Loscalzo v. Pini, 228 N.J. Super. 291, 299, 549 A.2d 859 (App.Div. 1988), certif. denied, 118 N.J. 216, 570 A.2d 972 (1989) (no standards at all for conditional uses), and Cardinal Properties v. Borough of Westwood, 227 N.J. Super. 284, 286, 547 A.2d 316 (App.Div. 1988) (standard that conditional use must be "reasonably necessary for the convenience of the public in the location proposed" too vague). See generally PRB Enterprises, Inc. v. South Brunswick Planning Board, 105 N.J. 1, 8, 518 A.2d 1099 (1987).
To the extent the jurisdiction of the Planning Board over an application that requires variances or waivers from the standards contained in § 108-53(c) is premised upon a claim that those standards are invalid and, thus, not applicable, that issue must be judicially litigated and Lacey Township joined as a party. As the ordinance presently stands, however, § 108-53(c) contains standards that a conditional use must satisfy and that are not generally *244 applicable to all other uses. A variance from the standards, thus, would be required under N.J.S.A. 40:55D-70(d)(3) from the Board of Adjustment unless subsection (c) is invalid. We do not more definitively resolve this issue, however, except to note that the trial judge's grant of summary judgment on count three should not be considered dispositive on a subsequent application.
Reversed.
NOTES
[1] Plaintiff Piedmont Associates is the owner of property that is contiguous to the subject property. Plaintiff Perlmart of Lacey, Inc. is a tenant and operates a supermarket on the property.
[2] Defendant Sunrise Point Associates is the owner of the subject property. Defendant Lacey Development Ltd. is a contract purchaser of that property.
[3] Plaintiff also contends that the notice did not specify all of the particular variances required. We do not tarry long with this claim because we do not believe the Legislature intended the required public notice to be that specific.
[4] Such uses include professional offices, banks, municipal buildings, yarn shops, service stations, light manufacturing, drive-in theaters, motels, restaurants and marine repairs.