**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0737-23

JOHN VALENTINE and
VALENTINE'S FARM LLC,

     Plaintiffs-Appellants,

v.

ZONING BOARD OF THE
TOWNSHIP OF MONROE,
DANIEL TOMARCHIO, and
LINDA TOMARCHIO,

     Defendants-Respondents.

_____

> Argued March 12, 2025 – Decided April 9, 2025
>
> Before Judges Sabatino and Jablonski.
>
> On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-1259-22.
>
> Andrew J. Karcich argued the cause for appellants (The Law Offices of Andrew J. Karcich, LLC, attorneys; Andrew J. Karcich, on the briefs).

Richard P. Coe, Jr., argued the cause for respondent Zoning Board of The Township of Monroe (Weir LLP, attorneys; Richard P. Coe, Jr., on the brief).

Michael W. Herbert argued the cause for respondents Daniel Tomarchio and Linda Tomarchio (Parker McCay, PA, attorneys; Michael W. Herbert, on the brief).

PER CURIAM

Plaintiffs appeal an October 2, 2023 Law Division summary judgment order dismissing their complaint in lieu of prerogative writs against defendants the Zoning Board of the Township of Monroe (the "Board") and Daniel and Linda Tomarchio (the "Tomarchios"). Based on our review of the record and the applicable legal principles, and for the reasons set forth by the trial judge in his cogent oral opinion, we affirm.

I.

In 2017, the Tomarchios constructed a garage addition on their property that exceeded the RD-C (rural development-commercial) zoning requirements established by the Township of Monroe (the "Township"). Although the Tomarchios previously received permission from the zoning officials and obtained the required permits, a former zoning official failed to inform them

that they were required to obtain a use variance[1] because the combined square footage of their garage, an accessory structure, exceeded the size of their home, the principal building. Therefore, their garage addition did not comply with the Township's zoning requirements. To remedy the situation, and at the Township's request, the Tomarchios applied to the Board for permission to allow the structure to remain.

As they were required to do so under the Municipal Law Use Law[2] (the "MLUL") and specifically N.J.S.A. 40:55D-11, the Tomarchios sent this "Notice to Property Owners" with ownership interests within 200 feet of their property:

> A public hearing on Application #22-41 will be held by the [Board] of the Township of Monroe on August 18, 2022 at 6:30 p.m., at the municipal building located at 125 Virginia Avenue, Williamstown, NJ, on the first floor in the courtroom.
>
> The object of the hearing will be to consider an application by the undersigned for the following reasons:
>
> The applicant is requesting a use variance to allow an accessory structure larger than the princip[al] use on

---

[1] A "use variance" is a special exception to a zoning requirement that permits a property owner to use land in a way that is not ordinarily permitted by the local zoning ordinance. N.J.S.A. 40:55D-70(d).

[2] N.J.S.A. 40:55D-1 to -171.

the property, along with any variances or waivers deemed necessary by the Board. The accessory structure is approximately 2160 square feet and the princip[al] structure is approximately 1152 square feet.

Location of the property: []³ Block :[] Lot: [] of the official tax map of the Township of Monroe.

Nearest intersection/landmark: Coles Mill Road.

You are advised of this hearing because you are the owner of property within 200 feet and required to be notified according to the law.

<u>You are not required to appear at this hearing unless you wish to object to what the undersigned is requesting.</u>

All written objections must be presented to the Zoning Board Office at the address above before the hearing date.

Documents related to the application may be inspected by the public between the hours of 8:30 a.m. and 4:00 p.m., Monday through Friday.

[(Emphasis in original).]

The notice was signed by the property owners and was dated July 18, 2022. The Courier-Post⁴ published a notice on August 4, 2022 that "the

---

³ The published notice included the address of the property and its block and lot. We omit both here since this personal information is not relevant to our decision.

applicants are requesting a use variance to allow an existing accessory structure larger than the principal use on their property, along with any other variances or waivers deemed necessary." That notice also provided the Tomarchios' names, property address, block and lot designations, and the zone in which the property is located.

Plaintiffs are neighbors of the Tomarchios. They objected to the application's completeness and argued that the notice was inadequate because it did not include additional substantive information about other potential variances that plaintiffs believed would be required. The Board heard plaintiffs' objection, voted on its completeness, then considered the merits of the application.

Defendants testified about the proposed use of the improvement and highlighted that there would not be any adverse impact on any neighboring property owner. Plaintiff, Daniel Tomarchio, testified to certain deleterious impacts to his property that plaintiff believed were caused from defendants' garage addition. The briefs advise us that those impacts, including the alleged

_____

[4] The Courier-Post is a newspaper that "serve[s] the counties of Burlington, Camden[,] and Gloucester in New Jersey." About the Courier-Post, Courier Post, https://static.courierpostonline.com/about/ (last visited April 1, 2025).

loss of trees, was resolved in separate litigation. Kevin Dixon,[5] plaintiff's friend, testified about the positive and negative criteria that were required to be considered by the Board under N.J.S.A. 40:55D-70.[6] The Board's planner provided a "use variance review" report.

In a comprehensive resolution, the Board weighed the positive and negative criteria and concluded that the structure promoted the general welfare of the community and facilitated a desirable visual environment. The Board granted the variance and imposed some limited conditions on its use.

Plaintiffs filed an application in lieu of prerogative writs and defendants subsequently moved for summary judgment to dismiss it. In a detailed oral decision on October 2, 2023, the trial court initially found that notice to the property owners by defendants was sufficient under the MLUL and concluded

---

[5] Dixon appeared as a lay witness as he had not prepared a report in anticipation of the hearing, although he was noted to be an engineer and planner.

[6] Generally, the "positive criteria" focuses on the benefits of the proposed variance and whether it advances the Township's zoning purposes or that the site is particularly suited for the use. The "negative criteria" addresses whether the variance would cause substantial detriment to the public good or significantly impair the zoning plan or ordinance. N.J.S.A. 40:55D-70; see New Brunswick Cellular Tel. Co. v. Borough of S. Plainfield Bd. of Adjustment, 160 N.J. 1, 14 (1999).

6

that the Board did not act arbitrarily, capriciously, nor unreasonably when it granted the variance.

This appeal followed.

II.

We first analyze plaintiffs' claim that defendants failed to provide adequate and proper notice to the public according to the MLUL, and, therefore, deprived the Board of jurisdiction to conduct the hearing. Specifically, plaintiffs argue that the notice provided either incorrect information as to the type of variance that was required or failed to set forth necessary additional information to provide the public with specific details of the nature of the application. To plaintiffs, the notice was "vague and obscure at best and misleading at worst." We disagree.

The public notice requirements of the MLUL are jurisdictional. Shakoor Supermarkets, Inc., v. Old Bridge Twp. Plan. Bd., 420 N.J. Super. 193, 201 (App. Div. 2011). It is clear "the MLUL's mandate in N.J.S.A. 40:55D-11 requir[es] notice of the 'nature of the matters to be considered' by the board." Pond Run Watershed Ass'n v. Twp. of Hamilton Zoning Bd. of Adjustment, 397 N.J. Super. 335, 351 (App. Div. 2008) (quoting Perlmart of Lacey, Inc. v. Lacey Twp. Plan. Bd., 295 N.J. Super. 234, 237 (App. Div. 1996)). To comply

with the statute, the notice must "accurately identify[] the type of use or activity proposed by the . . . applicant in lay[person]'s terms" with the purpose of fairly apprising the public of the plan to allow them to determine whether to participate at the public hearing. Id. at 352 (quoting Perlmart, 295 N.J. Super. at 239). We have "read the statute to require a 'common sense description of the nature of the application, such that the ordinary layperson could understand its potential impact upon him or her.'" Ibid. (quoting Perlmart, 295 N.J. Super. at 239).

Here, we agree with the trial court that the notice was legally sufficient and properly advised the public about the specific application for a use variance. Defendants sent the notice to the property owners within 200 feet of the subject property which sufficiently informed them of: (1) the date, time, and place of the hearing; (2) the nature of the matters considered; (3) the identification of the property by street address or lot and block number; and (4) the location and times at which the documents pertaining to the application would be available for review. N.J.S.A. 40:55D-11. Moreover, the information contained in the notice was sufficient to permit plaintiffs to appear at the hearing with their witness and to advocate their position before the Board.

8

## III.

We next turn to the substantive merits of plaintiffs' appeal and their argument that the Board's decision conflicts with the Township's master plan and that defendants failed to meet their burden of proof. Considering the deference provided to the Board's decision, we discern no error from the trial court's affirmance of the Board's decision.

"[W]e are bound by the same standards as was the trial court" when reviewing the validity of a local board's decision. Jacoby v. Zoning Bd. of Adjustment of Englewood Cliffs, 442 N.J. Super. 450, 462 (App. Div. 2015) (quoting Fallone Props., L.L.C. v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004)). "Like the trial court, our review of a planning board's decision is limited." Bd. of Educ. of Clifton v. Zoning Bd. of Adjustment of Clifton, 409 N.J. Super. 389, 434 (App. Div. 2009) (citing Smart SMR of N.Y., Inc. v. Fair Lawn Bd. of Adjustment, 152 N.J. 309, 327 (1998)). "[A] court may not substitute its judgment for that of the board unless there has been a clear abuse of discretion." Price v. Himeji, LLC, 214 N.J. 263, 284 (2013). As the trial court properly did here, we defer "to the actions and factual findings of local boards and may not disturb [the] findings unless

they were arbitrary, capricious, or unreasonable."  Jacoby, 442 N.J. Super. at 462.

"A board acts arbitrarily, capriciously, or unreasonably if its findings of fact . . . are not supported by the record, or if it usurps power reserved to the municipal governing body or another duly authorized municipal official."  Ten Stary Dom. P'Ship v. Mauro, 216 N.J. 16, 33 (2013) (citations omitted). Consequently, "courts ordinarily should not disturb the discretionary decisions of local boards that are supported by substantial evidence in the record and reflect a correct application of the relevant principles of land use law." Simeone v. Zoning Bd. of Adjustment of E. Hanover, 377 N.J. Super. 417, 426 (App. Div. 2005) (quoting Lang v. Zoning Bd. of Adjustment of N. Caldwell, 160 N.J. 41, 58-59 (1999)).  Further, land use boards are provided "wide latitude in the exercise of the delegated discretion" under the MLUL because of their particular "knowledge of local conditions."  Berkeley Square Ass'n v. Zoning Bd. of Adjustment of Trenton, 410 N.J. Super. 255, 263 (App. Div. 2009) (quoting Burbridge v. Twp. of Mine Hill, 117 N.J. 376, 385 (1990)).

This court defers to decisions made by local board members because they are more "familiar with their communities' characteristics and interests" and are better suited to decide concerns on local zoning regulations.  Pullen v.

Twp. of S. Plainfield Plan. Bd., 291 N.J. Super. 1, 6 (App. Div. 1996) (quoting Ward v. Scott, 16 N.J. 16, 23 (1954)). However, determinations of questions of law in land use matters are reviewed de novo. Bubis v. Kassin, 184 N.J. 612, 627 (2005).

Here, we are satisfied that the Board made detailed factual findings justifying the positive and negative statutory requirements to grant the use variance. See N.J.S.A. 40:55D-10g(2); Medici v. BPR Co., 107 N.J. 1, 23-25 (1987). Accordingly, as the trial court found, the Board's resolution provides substantial detail for its findings on both. We reject plaintiffs' contention that it was legally necessary for each Board member to attest on the record as having read the full text of the proposed resolution. We, too, are satisfied that the Board's decision was not arbitrary, capricious, nor unreasonable and was amply supported by the record.

To the extent we have not otherwise addressed plaintiffs' arguments, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(A) and (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division