**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1330-18T3

NEWSTEAD HOLMDEL HOA,

    Plaintiff-Appellant,

v.

HAZLET TOWNSHIP LAND
USE BOARD and GODE
HOTELS, LLC,

    Defendants-Respondents.

_____

Submitted November 18, 2019 – Decided January 6, 2020

Before Judges Messano and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0163-18.

Law Offices of Lawrence W. Luttrell, attorneys for appellant (David W. Trombadore, of counsel and on the briefs).

Collins, Vella & Casello, LLC, attorneys for respondent Hazlet Township Land Use Board (Gregory Walter Vella, of counsel and on the brief).

Gale & Laughlin, LLP, attorneys for respondent Gode
Hotels, LLC (Jeffrey B. Gale, on the brief).

PER CURIAM

The Law Division dismissed the complaint in lieu of prerogative writs that plaintiff, Newstead Holmdel HOA, brought to challenge the approval by defendant the Hazlet Township Land Use Board (the Board) of an application filed by defendant Gode Hotels, LLC (Gode) for a use variance, see N.J.S.A. 40:55D-70(d)(1), multiple bulk variances, and subdivision and preliminary site plan approval. Gode owns four lots (the property) in Hazlet in close proximity to the Hazlet-Holmdel municipal border.

At the time of the application, the property contained a two-story Holiday Inn and adjoining parking lot but was otherwise vacant. Hotels were a permitted use in the zone under Hazlet's zoning regulations when the Holiday Inn was constructed, but by the time Gode filed its development application in 2017, hotels were no longer permitted in the zone. Gode sought to consolidate the four lots and subdivide them into two. One lot would contain the existing hotel, with additional physical alterations, and adjacent parking; a new four-story Holiday Inn Express with parking would be constructed on the other lot. The plan included cross-access and cross-parking agreements between the two

newly-created lots and the existing and new hotels, thereby reducing the already existing deficiency in available parking at the Holiday Inn.

The Board conducted public hearings on Gode's application over four evenings, during which it heard from a number of professionals and members of the public who objected to the plan. The Board approved the application and memorialized the approval in a January 18, 2018 resolution.

Plaintiff, a non-profit corporation of homeowners in nearby Holmdel, filed suit. Its complaint contended the Board's action was arbitrary, capricious, and unreasonable because Gode "failed to establish 'special reasons'" for a height variance for the new hotel, see N.J.S.A. 40:55D-70(d)(6), the proposed development would cause "substantial detriment to the public good[,]" and would "substantially impair[ ] the intent and purpose[s] of the zone plan[.]" The Board and Gode filed answers.

After hearing oral argument, Judge Joseph P. Quinn dismissed the complaint. In a comprehensive written statement of reasons, Judge Quinn reviewed the arguments, the testimony before the Board, and the Board's resolution stating its reasons for approving Gode's application. In particular, the judge considered plaintiff's challenges to the height and use variance sought for the new hotel, and plaintiff's contention that Gode failed to meet both the

positive and negative criteria of the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163. See N.J.S.A. 40:55D-70(d) (providing a variance may be granted "[i]n particular cases for special reasons," the so-called positive criteria, if an applicant also demonstrates "that such variance . . . can be granted without substantial detriment to the public good and will not substantially impair the intent and the purpose of the zone plan and zoning ordinance[,]" the so-called negative criteria); see also Price v. Himeji, LLC, 214 N.J. 263, 285–86 (2013) (explaining the positive and negative criteria). Judge Quinn entered the order under review.

Before us, plaintiff does not contend that Judge Quinn incorrectly assessed the facts or incorrectly applied those facts to the law. Instead, plaintiff advances arguments never made before the Board or Judge Quinn. It argues that Gode's application actually sought a variance under N.J.S.A. 40:55D-70(d)(2) because Gode contemplated the expansion of a nonconforming use, and therefore both the use variance and subdivision approval must be vacated. Plaintiff further contends that this infirmity infected Gode's public notice, which made no mention of a d(2) variance or expansion of a nonconforming use. Lastly, plaintiff argues that despite its failure to raise these arguments before filing this

appeal, we should nevertheless consider them because the lack of proper notice divested the Board of its jurisdiction.

> As we have long held, "our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest."
>
> [Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).]

Plaintiff argues that because Gode's notice failed to include a request for an allegedly necessary d(2) variance, it deprived the Board of jurisdiction. Given the obvious public interest in the application, plaintiff says we should overlook its admitted failure to ever raise these issues before and remand the matter to the Board to conduct hearings anew as to whether Gode satisfies the requirements for a d(2) variance.

We recognize those cases that hold the "[f]ailure to provide adequate notice, or proceeding upon defective notice, deprives a land use board of the power to take any official action and renders null and void any decisions it has made." Northgate Condo. Ass'n v. Borough of Hillsdale Planning Bd., 214 N.J. 120, 138 (2013) (citing Twp. of Stafford v. Stafford Twp. Zoning Bd. of Adjustment, 154 N.J. 62, 79 (1998)). "Proper notice requires, among other

5

things, that public notices of applications before a zoning board state 'the nature of the matters to be considered.'"  Shakoor Supermarkets, Inc. v. Old Bridge Twp. Planning Bd., 420 N.J. Super. 193, 201 (App. Div. 2011) (quoting N.J.S.A. 40:55D-11).  We described the purpose for this requirement in Perlmart of Lacey, Inc. v. Lacey Twp. Planning Bd.:

> It is . . . plain that the purpose for notifying the public of the "nature of the matters to be considered" is to ensure that members of the general public who may be affected by the nature and character of the proposed development are fairly apprised thereof so that they may make an informed determination as to whether they should participate in the hearing or, at the least, look more closely at the plans and other documents on file.
>
> [295 N.J. Super. 234, 237–38 (App. Div. 1996) (quoting N.J.S.A. 40:55D-11).]

One need only look at the comprehensive notice provided by Gode in advance of the public hearings in this case to realize that it satisfied the statutory requirements, even though it characterized the variance request as a use variance under d(1), not a d(2) variance.  The transcripts reveal the active participation of the public speakers, who obviously had full knowledge of what the development application contemplated if approved.

We of course recognize there is a difference in the standard to be applied to a d(2) variance.  See, e.g., Nuckel v. Borough of Little Ferry Planning Bd.,

208 N.J. 95, 107 (2011) ("Nonconforming uses are not to be 'enlarged as of right except where the change is so negligible or insubstantial that it does not warrant judicial or administrative interference.'") (quoting Belleville v. Parillo's, Inc., 83 N.J. 309, 316 (1980)). But here, there are legitimate arguments as to whether Gode's application sought the expansion of a nonconforming use, requiring a d(2) variance, as opposed to a standard use variance under d(1). The argument never having been raised before, we fail to see why either the public interest, or a belated claim that the Board lacked jurisdiction, should sway us from well-known principles of appellate jurisprudential restraint.

Finally, the last hearing in this matter before the Board took place more than two years ago. Plaintiff filed its complaint nearly two years ago. The parties were before Judge Quinn in October 2018. Yet, the arguments now asserted were never raised before. Fairness dictates finality.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1330-18T3